O

# United States District Court
# Central District of California

| | |
|---|---|
| KMS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAJOR LEAGUE TRUCKING, INC.,<br><br>　　　　　　Defendant.<br><br>MAJOR LEAGUE TRUCKING, INC.,<br><br>　　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>FORSLA, LLC,<br><br>　　　　　　Third-Party Defendant. | Case № 2:22-cv-06245-ODW (MAAx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS OR TRANSFER THIRD-PARTY COMPLAINT [57]** |

## I.　INTRODUCTION

On March 24, 2023, Third-Party Plaintiff Major League Trucking, Inc. ("MLT") brought a third-party complaint against Third-Party Defendant Forsla, LLC, seeking indemnity in a dispute concerning a breach of contract of carriage. (Third-Party Compl. ¶¶ 12–35, ECF No. 47.)  Forsla now moves to dismiss or transfer the Third-Party Complaint for improper venue.  (Mot. Dismiss or Transfer ("Motion" or

1  "Mot."), ECF No. 57-1.)[1]  For the reasons that follow, the Court **GRANTS IN PART**
2  Forsla's Motion and **TRANSFERS** the Third-Party Complaint to the Western District
3  of Washington.[2]

## II. BACKGROUND

On September 1, 2022, Plaintiff KMS, LLC filed suit against MLT for breach of contract of carriage.  (Compl., ECF No. 1.)  KMS alleges that, in May 2022, MLT agreed to transport KMS's cargo—six ocean shipping containers, each containing 1090 units of air conditioners—from MLT's facility in Pico Rivera, California, to KMS's facility in Rancho Cucamonga, California.  (*Id.* ¶ 6.)  KMS alleges that, despite "repeated demands, MLT has failed and refused to deliver the Cargo to KMS, or to allow KMS to take possession of the Cargo."  (*Id.* ¶ 11.)

On March 24, 2023, MLT, a California corporation, answered the Complaint and filed the Third-Party Complaint against Forsla, LLC, a Washington limited liability company.  (Answer, ECF No. 46, Third-Party Compl.)  In the Third-Party Complaint, MLT alleges that, in December 2021, it entered into an agreement with Forsla for MLT to "provide for-hire carrier services for Forsla's customers."  (Third-Party Compl. ¶ 8.)  MLT alleges that it began delivering freight for Forsla's customers, including the cargo that is the subject of this action, and that Forsla "requested that MLT store certain containers as they awaited instructions for delivery."  (*Id.* ¶ 10.)  MLT further alleges that it "informed Forsla that there was a per diem charge for such storage."  (*Id.*)  MLT alleges that Forsla failed to make more than $1,000,000 in payments for storage and delivery, resulting in "MLT [being] sued by KMS herein, insofar as the containers cannot be released to KMS without the payment by Forsla of storage fees."  (*Id.* ¶¶ 11, 14.)  Thus, MLT filed the Third-Party

---

[1] Although Forsla initially styled the Motion as a motion to dismiss, Forsla requests a transfer in its Reply.  (*See generally* Mot.; Reply 6, ECF No. 65.)  Accordingly, the Court construes Forsla's Motion as a motion to dismiss or transfer.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Complaint against Forsla, asserting "that Forsla is 'jointly and severally liable' with MLT for the alleged damages" KMS seeks.  (*Id.* ¶ 15.)

Forsla now moves to dismiss or transfer the Third-Party Complaint for improper venue pursuant to the forum-selection clause in Forsla's agreement with MLT, which states that "[a]ny legal action arising under or pursuant to this Agreement shall be brought and maintained solely in the courts of Seattle, Washington."  (Mot. 3.[3])  The Motion is fully briefed.  (Opp'n, ECF No. 62; Reply.)

### III. LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).  Under the doctrine of *forum non conveniens*, a district court may dismiss a civil action when "the convenience of parties and witnesses" and "the interest of justice" support moving the case outside the federal court system, to a state or foreign forum.  *Id.* at 62–63.  However, in cases where a transferee forum is within the federal system, "Congress has replaced the traditional remedy of outright dismissal with transfer."  *Id.* at 60; 28 U.S.C. § 1404(a).

In the typical case *not* involving a forum-selection clause, a district court considering a *forum non conveniens* motion must evaluate both the private interests of the parties, such as convenience and costs, and "various public-interest considerations."  *Atl. Marine*, at 62.  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  *Id.* at 63 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).  "For that reason, and because the overarching consideration . . . is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most

---

[3] Forsla attaches its agreement with MLT as Exhibit 1 to the Motion.  (Mot. Ex. 1 ("Agreement"), ECF No. 57-1.)  When citing the Agreement, the Court cites the pagination found in the CM/ECF header.

exceptional cases.'" *Id.* (second alteration in original) (quoting *Stewart*, 487 U.S. at 33).

The presence of a valid forum-selection clause therefore requires district courts to adjust the usual *forum non conveniens* analysis in three ways. *Id.* "First, the plaintiff's choice of forum merits no weight," and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. Rather, a court must "deem the private-interest factors to weigh entirely in favor of the preselected forum," because by agreeing to a forum-selection clause, "the parties have waived the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Cooley v. Target Corp.*, No. 8:20-cv-00876-DOC (JDEx), 2020 WL 7230985, at *2 (C.D. Cal. Oct. 12, 2020) (citing *Atl. Marine*, 571 U.S. at 64). Third, the original forum's choice-of-law rules will not apply should transfer occur. *Id.* "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66.

## IV. DISCUSSION

The Court first analyzes the validity of the forum-selection clause at issue before turning to the question of transfer.

### A. Validity of the Forum-Selection Clause

The Court briefly examines the forum-selection clause at issue. Forum-selection clauses are prima facie valid and should be enforced unless shown to be unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum-selection clauses are presumptively valid under federal law, and the party opposing enforcement of a forum-selection clause bears the "heavy burden" of showing that the forum-selection clause is unreasonable. *See id.* at 18–19. A forum-selection clause is "unreasonable" if: (1) it was incorporated into the contract as a result of fraud, undue

influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the party opposing enforcement will "for all practical purposes be deprived of [their] day in court"; or (3) enforcement of the clause would "contravene a strong public policy of the forum in which suit is brought." *Id.* at 12–13, 15, 18.

Although MLT bears the burden of showing the forum-selection clause is unreasonable, it fails entirely to address this question. Thus, MLT fails to demonstrate that any of the *M/S Bremen* factors are present here. Nothing in the record indicates that the parties executed this forum-selection clause as a result of fraud, undue influence, or overweening bargaining power. MLT does not argue that the Western District of Washington presents a forum "so gravely difficult or inconvenient" as to deprive MLT of its day in court. Finally, while the Central District of California may have some interest in seeing this case adjudicated at home—MLT is a California corporation and the cargo at issue was allegedly transported within the Central District of California, (*see* Third-Party Compl. ¶¶ 1, 6)—MLT does not raise any "strong public policy" dictating that this action remains here.

As a result, the Court finds that MLT fails to overcome the presumptive validity of the parties' forum-selection clause.

### B.    Propriety of Transfer Under *Forum Non Conveniens*

The Court next examines Forsla's request to transfer pursuant to the doctrine of *forum non conveniens*. *See Atl. Marine*, 571 U.S. at 60 (holding the appropriate way to enforce a forum-selection clause that points "to a state or foreign forum is through the doctrine of *forum non conveniens*"). When considering whether to transfer a case pursuant to a forum-selection clause, "a district court may consider arguments about public-interest factors only." *Id.* at 64. This is because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit

of the litigation." *Id*. The Court therefore considers only the public-interest factors in determining whether to transfer.

### 1. Public-Interest Factors

In evaluating a *forum non conveniens* transfer, the Ninth Circuit instructs courts to weigh five public-interest factors: "(1) local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009).

Here, the first factor—local interest in the lawsuit—weighs against transfer, albeit only slightly. The parties' dispute concerns the transportation of cargo within the Central District of California, and MLT is a California corporation with its principal place of business in the Central District of California. (Third-Party Compl. ¶¶ 1, 6.) Thus, California and its residents have some interest in deciding the outcome of a dispute concerning a local company. *See Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1201 (C.D. Cal. 2006) (recognizing "California has an interest in this litigation since [Plaintiff] is a California corporation"). Accordingly, the first factor weighs slightly against transfer.

On the other hand, the second factor—the Court's familiarity with the governing law—weighs in favor of transfer. The forum-selection clause in the Agreement dictates that Washington state law should govern any legal action, (Agreement 17), and a Washington court is best positioned to apply Washington law. However, the claims at issue—equitable indemnity, contribution, breach of contract, and a common count for recovery of work, labor and services provided—do not raise complex or novel areas of law. Thus, this factor weighs only slightly in favor of transfer.

The third factor—burden on local courts and juries—is neutral. MLT contends that this factor weighs in favor of keeping the Third-Party Complaint in the Central

1 District of California because the "burden on this Court to administer the Third-Party Complaint is minimal." (Opp'n 4–5.) MLT, however, provides no supporting evidence as to the burden on this Court and makes no comparative argument as to the potential burden that a transfer would impose on the Western District of Washington's courts and juries. Absent any supporting evidence, the Court finds MLT's bare contention unpersuasive.

Similarly, the fourth factor—congestion in the court—is neutral. Neither MLT nor Forsla "offer any analysis or information regarding [the] level of congestion for the Western District of Washington compared to that of the Central District." (*Id.* at 5–6.) Accordingly, the Court finds this factor is neutral.

Finally, the fifth factor—the costs of resolving a dispute unrelated to a particular forum—is also neutral. MLT argues that this factor weighs in favor of keeping the Third-Party Complaint in the Central District of California because "[t]he claims of the Third-Party Complaint Impleader are derivatively based on the original plaintiff's claim" and, therefore, "the claims of the Third-Party Complaint are by necessity related to this forum." (*Id.* at 5.) However, this argument fails to address whether the dispute is also related to the Western District of Washington. Forsla is a Washington company, and the parties preselected the Western District of Washington as a forum for their disputes under the Agreement. In short, the present action relates to both the Central District of California and the Western District of Washington. Therefore, this factor is neutral as to transfer. *See Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, No. 16-cv-00920-LB, 2016 WL 4259126 (N.D. Cal. Aug. 12, 2006) (finding this factor to be neutral where both forums shared an interest in the dispute).

In sum, the Court finds that one factor weighs in favor of transfer, one factor weighs against transfer, and three factors are neutral. "[U]nless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer," a district court should transfer the case. *Atl. Marine*, 571 U.S. at 52. Thus, because

only one of the five factors weighs in favor of transfer, the instant case simply does not rise to the "extraordinary" level demanded by *Atlantic Marine* to "defeat a transfer motion" and override a valid forum-selection clause. *Id.*

MLT's argument that "[t]he purpose of impleader is to promote judicial efficiency" does not change the Court's conclusion. (*See* Opp'n 5.) There is strong policy in enforcing contractual provisions that have been bargained for by both parties: "[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart*, 487 U.S. at 33 (1988) (Kennedy, J., concurring). Further, "considerations of judicial economy alone do not permit [the] Court to ignore a presumptively valid forum-selection clause." *Ten-X, Inc. v. Pasha Realty Holdings, LLC*, No. 8:20-cv-02004-JVS (ADSx), 2021 WL 971153, at *7 (C.D. Cal. Mar. 3, 2021) (internal quotation marks omitted).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Forsla's Motion and **TRANSFERS** the Third-Party Complaint to the Western District of Washington. (ECF No. 57.) Accordingly, the Clerk of the Court shall **TRANSFER** the Third-Party Complaint, (ECF No. 47), to the United States District Court, Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, Washington, 98101. The Court **DENIES AS MOOT** Forsla's Motion to the extent Forsla seeks dismissal of the Third-Party Complaint.

**IT IS SO ORDERED.**

July 25, 2023

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**