O

# United States District Court
# Central District of California

| | |
|---|---|
| KMS, LLC, | Case № 2:22-cv-06245-ODW (MAAx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [99]** |
| v. | |
| MAJOR LEAGUE TRUCKING, INC., | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff KMS, LLC alleges that, in 2022, Defendant Major League Trucking, Inc. ("MLT") entered into a contract of carriage with KMS whereby MLT agreed to transport KMS's shipping containers, but instead took possession of them and now refuses to deliver the containers or allow KMS to take them back.  (Compl. ¶¶ 6–11, ECF No. 1.)  KMS now moves for entry of default judgment and an order of replevin to recover the containers from MLT.  (Mot. Default J. ("Motion" or "Mot."), ECF No. 99.)  For the reasons discussed below, the Court **GRANTS** KMS's Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

In 2022, MLT agreed to transport as a motor carrier of record six of KMS's ocean shipping containers, Nos. MRSU3366617; MRKU3595009; MRKU4442365; MSKU1739639; MSKU1261724; and MSKU0176762, each containing 1090 units of CL-RAC05MW-22 Cool Living Brand air conditioners (collectively, the "Cargo"). (Compl. ¶ 6.)  The Cargo has a collective purchase order value of $676,220.00.  (Decl. Douglas C. Smith ISO Mot. ¶ 4, Ex.1 ("Purchase Orders"), ECF No. 99-3; *see also* Compl. ¶ 19.)  MLT took possession of the Cargo, but did not issue a bill of lading, and rather than deliver the Cargo to KMS's facility as promised, MLT instead transported it to MLT's facility.  (Compl. ¶¶ 6–8.)  MLT has since refused to deliver the Cargo to KMS or allow KMS to take possession of the Cargo, despite KMS taking all reasonable steps to pay MLT freight and transport charges.  (Compl. ¶¶ 9–11.)

Accordingly, on September 1, 2022, KMS filed this action against MLT for breach of the carriage contract, conversion, replevin, and pre-judgment attachment. (Compl. ¶¶ 12–27.) On September 7, 2022, KMS served the Complaint on MLT, (Proof Service, ECF No. 10), but MLT failed to timely appear.  Thus, upon KMS's request, the Clerk entered MLT's default on September 29, 2022.  (First Default, ECF No. 17.)

MLT subsequently moved to set aside the default.  (MLT Mot. Set Aside, ECF No. 28.)  On March 6, 2023, the Court granted MLT's motion on the condition that MLT pay KMS's attorneys' fees.  (Order Granting Set Aside, ECF No. 44.)  MLT paid, and its default was set aside on March 17, 2023.  (*See* Decl. Alberto J. Campaign re Compliance, ECF No. 45.)

Over the following year, litigation continued in the normal course, with the parties engaging in discovery and motion practice.  However, in Spring 2024, MLT stopped paying its legal bills and its relationship with its counsel broke down significantly, such that MLT's counsel was no longer able to adequately represent MLT. (Decl. Alberto J. Campaign ISO Mot. Withdraw, ECF No. 86-1.)  After giving MLT written notice of the potential consequences to MLT, MLT's counsel moved to

withdraw from representation.  (*See id*; Mot. Withdraw, ECF No. 86.)  The Court set a hearing for May 6, 2024, and ordered an MLT representative to attend.  (Min. Orders, ECF Nos. 88, 89.)  Although MLT was notified by the Court and its counsel of the requirement to appear, no MLT client representative attended the hearing.  (*See* Mins., ECF No. 91.)  On May 10, 2024, finding that MLT had been adequately notified about its potential consequences following its counsel's withdrawal, the Court granted counsel's motion.  (Order Granting Withdrawal & Striking MLT Answer, ECF No. 92.)  As MLT is a business entity that may only appear in federal court through licensed counsel, the Court struck MLT's answer and once again entered MLT's default.  (*Id.* at 2; Second Default, ECF No. 94.)  KMS now moves for entry of default judgment. (*See* Mot.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters a default under Rule 55(a).  Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, and Central District Local Rules ("Local Rule" or "Local Rules") 55-1 and 55-2.  Even if these procedural requirements are satisfied, a "defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  The court need not make

detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

## IV.    DISCUSSION

KMS satisfies the procedural requirements for default judgment and establishes that entry of default judgment and replevin against MLT is appropriate.

### A.    Procedural Requirements

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading as to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). Rule 55(b)(2) requires written notice on the defaulting party if that party "has appeared personally or by a representative."

KMS meets these requirements. On May 10, 2024, the Clerk entered default against MLT, as to KMS's Complaint. (Second Default; Decl. Steven W. Block ISO Mot. ("Block Decl.") ¶¶ 2–3, ECF No. 99-2.) KMS asserts that MLT is a corporate entity, not a minor or incompetent person, nor a service member. (Block Decl. ¶¶ 4–5.) Finally, KMS served MLT with written notice of the Motion. (*Id.* ¶ 6; Decl. Mailing, ECF No. 99-6.) Thus, KMS satisfies the procedural requirements for entry of default judgment.

### B.    *Eitel* Factors

In evaluating whether entry of default judgment is warranted, courts consider the "*Eitel* factors": (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)

(internal quotation marks omitted).  Accordingly, the Court considers these two factors first.

### 1.    Second & Third Eitel Factors

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, KMS asserts claims for breach of contract, replevin, conversion, and pre-judgment attachment.  (Compl. ¶¶ 12–27.)  However, in the Motion, KMS seeks default judgment only on the claim for replevin.  (Mot. 1–2.)

"'[R]eplevin" no longer exists under California law, and courts generally interpret pleadings alleging replevin as alleging a claim for conversion.  *Gia v. Tang*, No. 5:21-cv-00696-KES, 2024 WL 2107324, at *1 n.2 (C.D. Cal. Mar. 15, 2024) (citing *Foster v. Sexton*, 61 Cal. App. 5th 998, 1020 (2021)); *see also BMA LLC v. HDR Glob. Trading Ltd.*, No. 20-cv-03345-WHO, 2021 WL 4061698, at *17 (N.D. Cal. Sep. 7, 2021) ("The . . . 'writ of replevin' claim collapses into the conversion claim."). Further, a prayer for relief in the form of replevin is equivalent to requesting judgment for the possession or value of personal property pursuant to California Code of Civil Procedure section 667.  *See Foster*, 61 Cal. App. 5th at 1020; *Irving Nelkin & Co. v. S. Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 700 (2005).

The Court has previously "looked past [KMS's] pleading's label and examine[d] its substance," to conclude that KMS's action pursuing recovery of specific personal property is essentially one for conversion.  (Order Den. Mot. J. Pleadings 4, ECF No. 72 (quoting *Foster*, 61 Cal. App. 5th at 1020).)  Under California law, the tort of conversion is the "wrongful exercise of dominion over personal property of another."  *Foster*, 61 Cal. App. 5th at 1020 (quoting *Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019)).  "The essential elements of conversion are '(a) plaintiff's ownership or right to possession of

personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages.'" *Id.* at 1021–22.  In addition, when a "defendant lawfully acquires possession of property with consent of the owner," demand for its return "is necessary to create a liability for conversion." *Flennaugh v. Heinrich*, 89 Cal. App. 2d 214, 221 (1948).

Taking KMS's well-pleaded allegations as true, *TeleVideo Sys.*, 826 F.2d at 917–18, KMS sufficiently pleads that (1) it is the rightful owner of the Cargo, (2) that MLT is wrongfully withholding the Cargo and refusing to deliver it or allow KMS to take possession, and (3) that KMS has been damaged by MLT's wrongful conduct, (Compl. ¶¶ 6–11, 16–23).  Additionally, KMS alleges that it has repeatedly demanded return of the Cargo, to no avail.  (*Id.* ¶ 11.)  Thus, KMS plausibly states a cause of action for conversion such that it is entitled to replevin of the Cargo.[2]  Therefore, the second and third *Eitel* factors weigh in favor of granting the Motion.

### 2.    Remaining Eitel Factors

On balance, the remaining *Eitel* factors also weigh in favor of entering default judgment against Defendants.  To begin, the first and fourth *Eitel* factors—possibility of prejudice and sum of money at stake—favor default judgment.  KMS would suffer prejudice absent entry of default judgment because it would have no recourse against MLT's continuing default.  Further, as discussed below, KMS does not seek any monetary relief unless the Cargo has been damaged, in which case the sum of money sought is directly proportionate to the harm inflicted on KMS's property by virtue of MLT's wrongful possession.

---

[2] The Court's early denial of KMS's motion for judgment on the pleadings does not alter this conclusion.  At that time, MLT had appeared and denied KMS's allegation that KMS demanded return of the Cargo.  (Order Den. Mot. J. Pleadings 5.)  Thus, a material dispute then remained as to an essential element of the claim, and judgment on the pleadings was improper.  (*Id.*)  However, MLT has since defaulted, resulting in the Court striking its answer.  (Order Granting Withdrawal & Striking MLT Answer 2.)  As such, KMS's well-pleaded allegations are now accepted as true, and MLT presents no opposition or reason to doubt KMS's allegation that it demanded return of the Cargo.

The fifth and sixth factors—possibility of dispute and excusable neglect—also weigh in favor of default judgment. KMS's well-pleaded allegations are accepted as true on default, and MLT may not now "challenge the accuracy of the allegations in the complaint." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Although MLT previously appeared in the case, MLT's answer has since been stricken in light of MLT's decision to accept entry of its default and to not retain new counsel. (*See* MLT Answer, ECF No. 46 (stricken); Order Granting Withdrawal & Striking MLT Answer.) KMS supports its claim for replevin with evidence and the Court's review of the record reveals "no factual disputes . . . that preclude the entry of default judgment." *Landstar Ranger*, 725 F. Supp. 2d at 922. Further, MLT was previously engaged in this litigation and has since accepted entry of its default. KMS properly served MLT with its Motion for Default Judgment and MLT has failed to respond in any way. Thus, despite being on notice of this action, the likely consequences of its default, and KMS's motion for default judgment, MLT nevertheless failed to respond. These facts undermine any possibility of excusable neglect.

Finally, the seventh factor—policy favoring decisions on the merits—always weighs in a defaulting defendant's favor. *See Vietnam Reform Party*, 416 F. Supp. 3d 948 at 970. However, because MLT's default in this action prevents the Court from reaching a decision on the merits, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in the plaintiff's favor).

In sum, the *Eitel* factors weigh in favor of entering default judgment against MLT on KMS's claim for replevin.

## C.    Requested Relief

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In its Complaint, KMS seeks replevin of the Cargo or a monetary judgment in the amount of $973,544.40 against

MLT as a result of its conversion.  (Compl., Prayer for Relief ¶¶ 1–2.)  In the Motion, KMS seeks an order of replevin of the Cargo or a monetary judgment of damages up to the Cargo's original value—$676,220.00—in the event the Cargo's value is diminished. (Mot. 6.)  This request does not differ in kind from that demanded in the pleadings, and the monetary amount sought in the Motion is not more than that demanded in the pleading. (*Compare* Mot. 6, *with* Compl., Prayer for Relief ¶¶ 1–2.)  Accordingly, the relief KMS requests here is authorized.  *See* Fed. R. Civ. P. 54(c).  Moreover, KMS submits evidence establishing the Cargo's original value of $676,220.00, (*see* Purchase Orders), which supports that the monetary damages KMS requests in the alternative to replevin are directly proportional to any harm MLT's wrongful possession has inflicted on the Cargo.  Although KMS seeks additional relief in its Complaint, it does not seek that relief in its Motion; thus, KMS waives all such additional relief.

Therefore, KMS is entitled to replevin of its Cargo or monetary damages up to its original value of $676,220.00 in the event MLT's wrongful possession has diminished the Cargo's value.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment and Replevin.  (ECF No. 99.)  The Court **ORDERS** that KMS shall have replevin from MLT of its Cargo—six ocean containers, Nos. MRSU3366617; MRKU3595009;    MRKU4442365;    MSKU1739639;    MSKU1261724;    and MSKU0176762, each containing 1090 units of CL-RAC05MW-22 Cool Living Brand air conditioners.  MLT shall immediately make the Cargo available to KMS within two business days of the date of this Order.  In the event that the Cargo is not released to

KMS as required above, KMS shall have judgment against MLT in the amount of $676.220.00.  The Court will issue judgment consistent with this Order.

**IT IS SO ORDERED.**

October 21, 2024

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**